# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF OHIO

## COLUMBUS DIVISION

RECEIVED

MAY 0 1 2023

RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

**LORENZO ALLEN THOMAS,**

**359 Town Street, Circleville, Ohio**

**43113,**

          **Plaintiff.**

2:23 CV 1474

JUDGE SARGUS

MAGISTRATE JUDGE DEAVERS

V.

Case No. _____

**CITY OF CIRCLEVILLE**, 121 South Court Street, Circleville, Ohio 43113;
**CIRCLEVILLE POLICE DEPARTMENT,** 151 E. Franklin Street,
Circleville, Ohio 43113; **RYAN SPEAKMAN**, in his individual and official
capacity as an employee of the Circleville Police Department, 151 E. Franklin
Street; **JON FARRELLY**, in his individual and official capacity as an employee
of the Circleville Police Department, 151 E. Franklin Street, Circleville, Ohio
43113 and **DOUG DAVIS**, in his individual and official capacity as Chief of
Police, an employee of the Circleville Police Department, 151 E. Franklin Street,
Circleville, Ohio 43113.

          **Defendants.**

## CIVIL COMPLAINT AND JURY DEMAND

Plaintiff Lorenzo Allen Thomas   ("Plaintiff"), by and through pro se, hereby submits the following Civil Complaint and Jury Demand and asserts as follows:

## INTRODUCTION

1.     Through the activities and conduct of Defendants, and on the basis of constitutionally improper investigations, false sworn testimony by public servants, fabricated facts and statements in Circleville Police Department reports and to the Pickaway Job & Family Services in investigative proceedings, and a downright inexplicable, unfounded, and unjust desire to separate or attempt to separate children from their parents or caregivers.

2.     Defendants have not only violated the United States Constitution and state and federal law in doing so but have also, through their actions in baselessly initiating a child abuse/neglect investigation or attempting to separate children from their parents or caregivers, caused unspeakable trauma to the parents and children.

3.     Defendants have not only violated the United States Constitution and state and federal law in doing so but have also through their actions in intimidation and threat of arrest without probable cause, false allegations, improper investigations,

or even threat of jail for filming the police and speaking out against or otherwise fighting Defendants' conduct.

4. Defendants' activities and conduct in the course of these investigations and prior and ongoing occasion, flagrantly violates state and federal law, including the United States Constitutionand its guarantees of equal protection and due process under the law.

## JURISDICTION, AND VENUE

1. Plaintiff Thomas brings this action pursuant to 42 U.S.C. sec. 1983 and 42 U.S.C. sec. 1985 for violations of civil rights under the First, Fourth, and Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over these claims under 28 U.S.C. sec. 1331 and 28 U.S.C. 1343. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. 1367, due to the state law claims forming part of the same case or controversy under Article III of the United States Constitution.

## II. PARTIES

2. Plaintiff Lorenzo Allen Thomas ("Thomas") is the biological father of the minor children, and is at all times relevant, Thomas was a citizen of the State of Ohio and a resident of Pickaway County.

3.     Defendant City of Circleville ("COC") is a municipal entity located in Pickaway County, Ohio with a principal place of business at 151 South Court Street, Circleville, Ohio 43113. At all relevant times, COC was acting by and through its duly authorized administrators, agents, and/or employees, who at all times, were acting within the course and scope of their employment, under color of state law, and/or in accordance with CPD's customs, policies, practices, and procedures.

4.     Defendant Ryan Speakman ("Speakman") is and/or was employed as a Circleville Police Officer at Circleville Police Department. At all relevant times, Speakman acted under color of state law as an employee at CPD. Speakman, based upon his intentional acts, intentional failure to act, and/or customs, policies, practices, and procedures of CPD, is responsible for the violation of the Plaintiff's rights secured by the United States Constitution, the federal laws of the United States, the Constitution of the State of Ohio, and the laws of the State of Ohio. Speakman is sued in his individual and official capacity.

5.     Defendant Jon Farrelly ("Farrelly") is and/or was employed as a Circleville Police Officer at Circleville Police Department. At all relevant times, Farrelly acted under color of state law as an employee at CPD. Farrelly, based upon his intentional acts, intentional failure to act, and/or customs, policies, practices, and procedures of CPD, is responsible for the violation of the Plaintiff's rights secured

by the United States Constitution, the federal laws of the United States, the Constitution of the State of Ohio, and the laws of the State of Ohio. Farrelly is sued in his individual and official capacity.

6.     Defendant Circleville Police Department ("CPD") is a municipal entity located in Pickaway County, Ohio with a principal place of business at 151 E. Franklin Street, Circleville, Ohio 43113. At all relevant times, CPD was acting by and through its duly authorized administrators, agents, and/or employees, who at all times, were acting within the course and scope of their employment, under color of state law, and/or in accordance with CPD's customs, policies, practices, and procedures.

7.     Defendant Doug Davis ("Davis") is and/or was employed as a Circleville Police Officer at Circleville Police Department. At all relevant times, Speakman acted under color of state law as an employee at CPD. Speakman, based upon his intentional acts, intentional failure to act, and/or customs, policies, practices, and procedures of CPD, is responsible for the violation of the Plaintiff's rights secured by the United States Constitution, the federal laws of the United States, the Constitution of the State of Ohio, and the laws of the State of Ohio. Speakman is sued in his individual and official capacity.

### III. FACTS

**Historically Relevant Facts About Plaintiff**

8.     In 2023, Thomas went to the City Administration department in Circleville, Ohio, located in the town that he resides. Thomas filed a complaint with the Pickaway County Health Department concerning how his landlord's property was in violation of city health and safety codes, and that such violations were causing a substantial risk of harm to Thomas's family as well as his children.

9.     After an investigation of Thomas's complaint, PCHD forwarded their findings attached with a signed affidavit, to the City of Circleville recommending that a Notice of Violations be sent to the landlord asking that the violation be corrected. However, after PCHD referred the violations to the City of Circleville, PCHD contacted  Thomas's girlfriend; (who is also the  mother of his two children) by phone, informing Thomas and his girlfriend that the City of Circleville would not be taking action against the landlord because there was a pending eviction and the landlord wasn't required to correct the violations until after a ruling was entered concerning the eviction.

10.     After learning that the City of Circleville wasn't enforcing a Notice of Violation involving serious health and safety codes, on Mar 22, 2023 Thomas went to the Circleville Police Department and requested to speak to Code Enforcement

Officer Speakman. However, Thomas was informed by CPD dispatch on duty that

day that Officer Speakman wasn't the code enforcement officer and Thomas would

have to contact the actual code enforcement officer whose office was located at the

City Administration department.

11.     Thomas immediately left CPD and went over to the City Administration

office. At the administration office, Thomas requested to speak with the Code

Enforcement officer or someone that could explain why the City of Circleville

wasn't requiring a landlord to correct health and safety codes violations

documented by the health department after an investigation of a citizens complaint.

12.     Thomas stated that he began questioning an unknown administration worker

("Jane Doe 1") about what authority did the City of Circleville have in not

requiring the enforcement of a health and safety violation involving a landlord. In

response, administration worker Jane Doe 1 advised Thomas that the code

enforcement officer was out for the day and that Thomas should come back later.

Thomas refused to come back and demanded to speak to a supervisor so that he

could file a formal complaint against the City for their failure to take action.

13.     Thomas states that after demanding to be allowed to file a formal complaint,

another administration worker who was present ("Jane Doe 2") that day agreed to

take a complaint by Thomas. Thomas states that he demanded to know the identity

as to who gave such instructions about the notice violation. In response, Jane Doe 1 told Thomas he would have to let her locate the file. Thomas states that while the worker was locating the file, Thomas told the workers that he would be back because he wanted to retrieve his phone to document the rest of the matter because he felt that the City of Circleville were being corrupt and performing duties that were unlawful.

14.    Thomas states that when he returned, he noticed that both workers disappeared.  While waiting for the workers to return, Thomas mentioned on video how he felt that the workers disappeared saying how they were locating a file, but how Thomas believed that their disappearance was an indication that the police were on their way. Thomas states that minutes later he noticed two CPD police cruisers pull up in front of the administration building. Thomas states that Officer Speakman and Officer Farrelly were dispatched to the call.

15.    Thomas states that once CPD arrived, only Jane Doe 1 returned to the front desk. Jane Doe 1 told the officers that the police were called because Thomas was at the administration building demanding to file a complaint against the City of Circleville. Thomas stated that on video recording he expressed how he was upset that the City Administration would call the police on a citizen that was there to make complaints about a landlord's failure to correct city health and safety code violations. Thomas states that he went on to express how it was unlawful to call the

police on someone that isn't committing a crime, making verbal threats, but rather simply demanding to be allowed to file a complaint.

16.     Thomas states that shortly after the police arrived, Thomas's girlfriend came into the administration seeing Thomas and the officers in a verbal confrontation. On video recording, Thomas expressed his concerns about how he felt that there wouldn't be a proper investigation because of Officer Speakman, who Thomas accused of lying about being the code enforcement officer for the City of Circleville. Thomas went on to accuse Speakman of past police misconduct and being corrupt.

17.     Fearing unlawful arrest for Thomas's allegations against the City, Speakman, and Farrelly, Thomas went outside and began streaming live on Facebook. Outside the administration building and streaming live on social media, Thomas spoke out about his treatment and actions by the City of Circleville and CPD officers. Thomas states that he made such police misconduct and corrupt claims against Speakman and Farrlley due to a previous incident involving Speakman, Farrlley and Thomas. On July 13, 2022, an incident involving Thomas and his girlfriend, resulting in the girlfriend going to jail for domestic violence after assaulting Thomas. Thomas moved out of the home and left with the children. The next day, July 14, 2022, officers were dispatched to his home demanding that Thomas return the children to the girlfriend. Initially Thomas refused on grounds

that the mother had just been released from jail for domestic violence, that children were in substantial risk of harm due to drugs in the home, and that Thomas was preparing a petition for temporary custody of the children. Thomas states that during the visit that day, Speakman, Farrelly, and other officers found illegal drugs in the mother's car and illegal pills, substantiating Thomas's claims. However, after discovering the illegal drugs, Speakman and Farrelly allowed the mother to deny that they were hers and Speakman and Farrlley disposed of the evidence and never reported their findings to children services. Speakman and Farrelly knew of these illegal drug findings before Speakman and Farrlley found the illegal drugs and after Thomas was forced to return his children to the girlfriend.

18.     On March 23, 2023, a day after the City Administration building incident and the video that was posted on Facebook speaking out against the City of Circleville, Speakman, Farrlley, and CPD, officers Speakman and Farrlley arrived at Thomas's home. Thomas states that upon noticing Speakman and Farrlley's arrival, initially Thomas remained in the home, only because he feared being subjected to some type of retaliation by Spekman and Farrlley because of the previous altercation at the City administration building and Thomas making claims of corruption and law enforcement misconduct. Thomas states that his girlfriend and her father initially went outside to find out why the police were at their home.

19.     Thomas states that he waited in the home for about five minutes, when he

then went outside to retrieve his cell phone so he could record and document why the officers were at his home when no one called. In response, Speakman and Farrlley stated that after seeing Thomas's video that was posted on Facebook accusing CPD of not doing their job, that Speakman and Farrlley came to conduct a child welfare check. Thomas states that on video recording, he challenged the officers true intentions behind them being dispatched to Thomas's home.

20.     Thomas states that once he began recording and challenging the officers conduct, Speakman stated: "Ok, we were about to leave, but because you want to say we're not doing our job, lets get CPS down here". Speakman got on his cell phone and dispatched CPS to Thomas's home.

21.     Thomas states that once CPS arrived, Speakman and Farrelly falsely fabricated that Thomas and his girlfriend's children were being neglected because the parents didn't have running water or electricity in the home. Speakman and Farrelly knew that Thomas and his girlfriend were actually complaining about their landlord's refusal to make repairs concerning the unsafe electricity and forcing Thomas and his family to live in unsafe and unhealthy conditions. Speakman and Farrelly knew that they were fabricating the truth about child neglect allegations.

22.     Thomas states that he immediately refused to allow entry into his home once he saw unlawful tactics being used by Speakman and Farrelly. Speakman went on

to state that their actions were because comments made by Thomas about CPD being corrupt and Speakman read Thomas his Miranda rights stating that he was being investigated for comments made about CPD and Speakman warned Thomas that he should remain silent to avoid self-incrimination. Thomas states that after Speakman mirandarized him, he felt that there would be continued harassment so he retreated inside his home until Speakman and Farrelly left.

23.    Although Speakman and Farrelly claimed that they were at Thomas's home for a wellness check concerning the children, CPS wasn't contacted until after Thomas began questioning Speakman and Farrelly. Also before CPS was decided to be called, the officers never asked to inspect the home, no pictures were taken of the alleged neglectful conditions.

24. Thomas states that a few days after officers Speakman and Farrelly arrived at his home, Pickaway County Building inspector later arrived with an officer. The building inspector claimed that he was at the home to investigate Thomas' allegations. Thomas states that he noticed when the building inspector and CPD officer arrived, Thomas noticed that they were having a side discussion and once they finished and they walked up to the door was when the Cpd officer turned on his body cam and began recording. Thomas states that he questioned the officer as to why he waited to turn his bodycam footage on and not when he arrived on scene. The officer admitted to Thomas allegations concerning the bodycam, but

gave no explanation as to why. Thomas states that while at the home, the building inspector and the officer never asked Thomas any questions, they only stood and listened. Even when Thomas would ask specific questions, they would not respond.

25.    Thomas states that although the building inspector claimed that he was there at the home to investigate Thomas's allegations concerning the landlord, not one time did he inspect the property, take pictures, or ask permission to enter the home, even we asked if they wanted to gain access to the home to inspect the complaints, but they never came into the home. Thomas states that the building inspector claimed that we would return to answer specific questions Thomas had asked but he never has returned to this date. On Apr 20, 2023, the City of Circleville Health Department contacted Thomas by letter reinforming the landlord that a notice of violation was filed against him, however no official authorities have made inspection of the home although defendants felt it was necessary on March 23, 2023 to contact CPS in an attempt to remove the children from the home under a emergency removal without a court order because of the conditions of the home.

## IV.    CLAIMS FOR RELIEF

### COUNT I  - Unconstitutional Policies and Customs

**Pursuant to 42 U.S.C sec. 1983 (MONELL)**

**(Plaintiff v. Davis and Municipal Defendants)**

26.    The Plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

27.    The residents of Pickaway County, including the Plaintiff, entrusted the City of Circleville, Davis and CPD with the assessment, investigation, and intervention, regarding allegations of child abuse, neglect, and dependency of children residing within the county, in compliance with state and federal laws.

28.    At all relevant times, the City of Circleville, Davis and CPD had notice of, acquiesced in, approved and/or otherwise maintained a custom, practice, and/or policy of deliberate indifference to the constitutional and statutory rights violations committed against Plaintiff.

29.    At all relevant times, the City of Circleville,  Davis and CPD had notice of, acquiesced in, approved and/or was otherwise aware that administrators, employees, and/or agents of CPD had committed, and/or participated in, constitutional and statutory rights violations against Plaintiff.

30.    At all relevant times, the City of Circleville, Davis and CPD took no substantive action against any administrator, employee, and/or agent who it knew,

was on notice of and/or otherwise was aware had committed, and/or participated in, constitutional and statutory rights violations against Plaintiff, including to reprimand or otherwise impose discipline on any such administrator, employee, and/or agent.

31.    At all relevant times, the City of Circleville, Davis and CPD took no substantive action against any administrator, employee, and/or agent who knew, was on notice of and/or otherwise was aware had violated the Plaintiff constitutional and statutory rights.

32.    At all time relevant times, the City of Circleville, Davis and CPD took no substantive action against any administrator, employee, and/or agent who it knew, ws on notice of and/or otherwise was aware had sought to justify and/or conceal the constitutional rights violations committed against the Plaintiff, through the use of retaliation, making and/or using false allegations, and providing false affidavits for probable cause to be used against the Plaintiff.

33.    At all relevant times, the City of Circleville, Davis and CPD had notice of, acquiesced in, approved and/or otherwise maintained a custom and/or practice of deliberate indifference to the use of retaliation against the Plaintiff for asserting his constitutional and statutory rights.

34.    At all relevant times, the City of Circleville, Davis and CPD had notice of,

acquiesced in, approved and/or was otherwise aware that administrators, employees, and/or agents of CPD retaliated against the Plaintiff for asserting his constitutional and statutory rights.

35.    At all relevant times, the City of Circleville, Davis and CPD took no substantive action against any administrator, employee, and/or agent who it knew, was on notice of, and/or otherwise was aware used, and/or participated in, retaliated against the Plaintiff, including failing to reprimand or otherwise impose discipline on any administrator, employee, and/or agent.

36.    At all relevant times, the City of Circleville, Davis and CPD had notice of, acquiesced in, approved and/or was otherwise aware that administrators, employees, and/or agents of CPD made and/or used false allegations against the Plaintiff.

37.    At all times relevant times, the City of Circleville,Davis and CPD had notice of, acquiesced in, approved and/or used false allegations against the Plaintiff.

38.    At all relevant times, the City of Circleville, Davis and CPD took no substantive action against any administrator, employee, and/or agent who it knew, was on notice of, and/or otherwise was aware had made, participated in making, and/or used false allegations against Plaintiff, including failing to reprimand or otherwise impose discipline on any such administrator, employee, and/or agent.

39.    At all relevant times, the City of Circleville, Davis and CPD had notice of, acquiesced in, approved and/or otherwise maintained a custom and/or practice of deliberate indifference to providing false affidavits for probable cause to be used against the Plaintiff.

40.    At all relevant times, the City of Circleville, Davis and CPD had notice of, acquiesced in, approved and/or was otherwise aware that administrators, employees, and/or agents of CPD provided false statements for probable cause to be used against the Plaintiff.

41.    At all relevant times, the City of Circleville, Davis and CPD took no substantive action against any administrator, employee, and/or agent who it knew, was on notice of, and/or otherwise was aware had provided, and/or participated in providing, false statements, false allegations for probable cause to be used against the Plaintiff, including failing to reprimand or otherwise impose discipline on any such administrator, employee, and/or agent.

42.    At all relevant times, the City of Circleville, Davis and CPD had notice of, acquiesced in, approved, and/or otherwise maintained a custom, practice, and/or policy of failing to investigate the Plaintiff's allegations of misconduct against its administrators, employees, and/or agents.

43.    At all relevant times, the City of Circleville, Davis and CPD had notice of,

acquiesced in, approved, and/or otherwise maintained a custom, practice, and/or policy of utilizing Pickaway County Job & Family Services to threaten, intimidate, and make warrantless investigations against Pickaway County residences and the Plaintiff, that speak out or and/or fight against such types of misconduct.

44.     At all relevant times, the City of Circleville, Davis and CPD had notice of, acquiesced in, approved, and/or otherwise maintained a custom, practice, and/or policy of utilizing PCJFS caseworkers to execute or attempt to execute ex parte removal of the Plaintiff's children, absent exigent circumstances of immediate danger, against Pickaway County residences and the Plaintiff, that speak out and/or fight against such types of misconduct.

45.     The City of Circleville, Davis and CPD engaged in a custom, practice, and'or policy of deliberate indifference to the known violations of Pickaway County residents' constitutional and statutory rights by its administrators, employees, and/or agents.

46.     The City of Circleville, Davis and CPD engaged in a custom, practice, and/or policy of permitting its administrators, employees, and/or agents to justify and/or conceal the known violations of Plaintiff and Pickaway County residents' constitutional and statutory rights through the use of retaliation, making and/or using false allegations, and providing false statements for probable cause, by its

administrators, employees, and/or agents.

47.     The City of Circleville, Davis and CPD engaged in a custom, practice, and/or policy of failing to investigate Pickaway County residents' allegations of misconduct against its administrators, employees, and/or agents.

48.     The City of Circleville, Davis and CPD engaged in a custom, practice, and/or policy of failing to adequately supervise it administrators, employees, and/or agents in their assessments investigations, and interventions, regarding allegations of child abuse, neglect, and dependency of children, to ensure compliance with state and federal laws.


**COUNT II  - Supervisory Liability for Constitutional Violations**

**Pursuant to 42 U.S.C. sec. 1983 and 42 U.S.C. sec. 1985**


**(Plaintiff v. Davis)**

49.     The Plaintiff incorporates paragraphs 1 through 91 as fully set forth herein.

50.     At all relevant times, Davis was aware of specific instances in which constitutional and statutory rights violations were committed against the Plaintiff by the administrators, agents, and/or employees of CPD, including Speakman and Farrelly.

51.    Yet, when presented with express and written allegations of false reporting, Defendant has failed to immediately (or ever) refer these allegations to the appropriate law enforcement authorities or conduct any internal investigation regarding the veracity of such allegations and the related abuse or neglect.

52.    At all relevant times, Davis was aware that administrators, employees, and/or agents of CPD, including Speakman and Farrelly, engaged in a pattern and practice of violating the constitutional and statutory rights of Plaintiff.

53.    Davis approved and/or acquiesced in the commission of constitutional and statutory rights violations against the Plaintiffs by failing to take appropriate action when violations were brought to his attention, including, but not limited to, failing to investigate and/or discipline the administrators, employees, and/or agents, including Speakman and Farrelly, of CPD responsible for such violations.

54.    Davis facilitated and/or participated in the commission of constitutional and statutory rights violations against the Plaintiff.

55.    At all relevant times, Davis was aware of specific instances of retaliation used against the plaintiff by the administrators, employees, and/or agents of CPD, including Speakman and Farrelly.

56.    At all relevant times, Davis was aware that administrators, employees, and/or agents of CPD, including Speakman and Farrelly, engaged in a pattern and

practice of retaliating against the Plaintiff and against Pickaway County residents that speak out against misconduct by the City of Circleville, CPD, including its administrators, employees, and/or agents of CPD.

57.     Davis approved and/or acquiesced in the use of retaliation against the Plaintiff b y failing to take appropriate action when violations were brought to his attention, including, but not limited to, failing to investigate and/or discipline the administrators, employees, and/or agents of CPD responsible for such violations.

**COUNT   III - Violation of the First, Fourth, and Fourteenth Amendment Pursuant to 42 U.S.C. sec. 1983 and 42 U.S.C sec. 1985 for Retaliation**

**(Plaintiff v. Speakman, Farrelly, Davis)**

58.     The Plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

59.     Speakman, Farrelly, and Davis together and individually, under color of law, subjected the plaintiff to retaliation for his exercise of his constitutionally protected right to peacefully protest the misconduct of City of Circleville Administration employees, administrators, and/or agents and to petition the government for the redress of his grievances.

60.     Speakman, Farrelly, and Davis together and individually, under color of law, subjected the plaintiff to retaliation for his exercise of his constitutionally protected right to film government officials.

61.     Speakman, Farrelly, and Davis together and individually, under color of law, subjected Plaintiff to retaliation for his exercise of his constitutionally protected right to familial and intimate association.

**COUNT   IV -  Providing a False Statement/Affidavit for Probable Cause in Violation of the First, Fourth, and Fourteenth Amendment Pursuant to 42 U.S.C. se.c 1983**

**(Plaintiff v. Speakman and Farrelly)**

62.     The Plaintiff incorporates paragraphs 1 through 91 as fully set forth herein.

63.     Speakman and Farrelly, together and individually, under color of law, knowingly and intentionally, in bad faith with malicious intent, and reckless disregard for the truth, made false statements and material omissions is an affidavit for probable cause  for child abuse and/or neglect in violation of the Fourth Amendment to the United States Constitution.

64.     Speakman and Farrelly, together and individually, under color of law, knowingly and intentionally, in bad faith with malicious intent, and reckless disregard for the truth, introduced false statements regarding the separation or attempts to separate Plaintiff's children from him.

65.     Speakman and Farrelly, together and individually, under color of law, knowingly and intentionally, in bad faith with malicious intent, and reckless disregard for the truth altered statements and translations of statements concerning during the course of an investigation that both defendants initiated.

66.     Speakman and Farrelly, together and individually, under color of law, knowingly and intentionally, in bad faith with malicious intent, and reckless disregard for the truth in making false complaints, introducing false and/or misleading statements child neglect and/or abuse investigative proceedings, and engaging in other conduct, Speakman and Farrelly have not served the community with professionalism.

67.     Speakman and Farrelly, together and individually, under color of law, knowingly and intentionally, in bad faith with malicious intent, and reckless disregard for the truth, intentionally attempting to improperly influence the outcome of child abuse and/or neglect investigation by providing misleading statements about the welfare of Plaintiff's children.

68. Speakman and Farrelly, together and individually, under color of law, knowingly and intentionally, in bad faith with malicious intent, conspired with other individuals, including during internal meetings, in order to silence or otherwise prevent Plaintiff from filming or fighting against city officials believed to be conducting misconduct, or prevent him from fighting against the separation or attempted separation of a parent or caretaker's child or children.

69. The First, Fourth and Fourteenth Amendment to the United States Constitution prohibits state actors such as Defendants from depriving an individual of liberty without due process of law, or take adverse action for filming officers duties, threatening arrest without probable cause, including parents right to raise, be part of, and maintain family.

70. Included within this protection are the rights to a full, fair, and adequate investigation when state actors deprive or attempt to deprive an individual of right to free speech or right to redress concerning an individual's grievances against the government.

71. At all times relevant hereto, Speakman and Farrelly acted pursuant to a policy or custom of depriving Plaintiff of his civil rights

72.     Speakman and Farrelly actions and conduct, as outlined above, were a direct and proximate cause of the constitutional and civil rights deprivation suffered by Plaintiff.

### COUNT IV - Providing a False Statement/Allegations in Violation of the First Fourth & Fourteenth Amendment Pursuant to 42 U.S.C. sec. 1983 and State Tort for Making or Causing False Report Of Child Abuse or Neglect Pursuant to Ohio Revised Code 2921.14

### (Plaintiff v. Speakman, Farrelly, Davis and CPD Defendants)

73.     The plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

74.     Speakman and Farrelly, together and individually, under color of law, knowingly and intentionally, in bad faith with malicious intent, and reckless disregard for the truth, made false statements and material omissions in a police report and to PCJFS child social worker for probable cause in violation of the Fourth amendment to the United States Constitution.

75.     Speakman, Farrelly, and Davis silenced, attempted to silence, and/or internally conspired to silence, or otherwise refused to hear, in the course of investigatory proceedings, individuals who protest or otherwise fight against the separation or attempted separation of children from their parents or caregivers.

76.     Speakman, Farrelly, Davis, together and individually, under color of law, knowingly, and intentionally, in bad faith with malicious intent, and reckless disregard for the truth, made false statements and material omissions in a police report and to PCJFS child social worker for probable cause, introduced false and/or misleading facts in investigatory proceedings, and engaged in other conduct, defendants have not served the community with professionalism.

77.     In separating or attempting to separate children from their parents or caretakers on the basis of false complaints, testimony, or evidence, Defendants' have not served the community with compassion.

79.     As a direct and proximate cause of Speakman and Farrelly's conduct described herein, the Plaintiff suffered, and continued to suffer, severe mental and emotional distress, severe anxiety, humiliation, and embarrassment.

### COUNT VI  - State Tort for Interference with Parental interest
### Pursuant to Ohio Revised Code 2307.50
### (Plaintiff v. Speakman, Farrelly, Davis, and CPD)

80.     The plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

81.    CPD, Speakman, Farrelly, and Davis, together and individually, knowingly, and intentionally, under color of law, by means of intimidation, threat of force, and/or a showing of authority, facilitated, acquiesced, and/or participated in the unlawful attempted removal of the Plaintiff's children, through the commission of a child abuse and/or nelgect crime pursuant to Ohio Revised Code 2151.31.

82.    As a direct and proximate cause of CPD, Speakman, Farrelly, and Davis's conduct described herein, the Plaintiff has suffered an invasion of their private activities within his private residence, and the Plaintiff has suffered an invasion of his fundamentally constitutional and statutory rights to the care, custody and control of his children.

## COUNT VII - State Tort for Criminal Acts
## Pursuant to Ohio Revised Code 2307.60
## (Plaintiff v. Defendants)

83.    The Plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

84.    The Defendants, together and individually, knowingly and intentionally, under color of law, recklessly failed to perform duties imposed by law with respect to their offices and recklessly committed acts expressly forbidden by law with respect to their offices in violation of Ohio Revised Code 2921.44(E).

85.     The Defendants, together and individually, knowingly and intentionally, under color of law and their office, employment, and authority, deprived, conspired, and/or attempted to deprive the Plaintiff of his constitutional and statutory rights in violation of Ohio Revised Code 2921.45(A).

86.     The Defendants, together and individually, knowingly and intentionally, under color of law, by means of intimidation, threat of force, and/or a showing of authority, without privilege to do so, and with reckless disregard for the Plaintiff's rights, facilitated, acquiesced, and/or participated in the unlawful making or causing a false report of child abuse or child neglect of the plaintiff's children in violation of Ohio Revised Code 2921.14.

87.     The Defendants, knowingly and intentionally, under color of law, conspired with and/or aided and abetted one another in the commission of the criminal acts of dereliction of duty,interfering with civil rights, interference with custody, and failure to report a crime in violation of Ohio Revised Code 2923.03(A)(2) and (3),

88.     As a direct and proximate cause of the Defendants' conduct described herein, the Plaintiff suffered, and continues to suffer, severe mental and emotional distress, severe anxiety, humiliation, and embarrassment.

**COUNT VIII  - State Tort for Conspiracy**

**(Plaintiff v. CPD, Speakman, Farrelly, and Davis)**

89.     The Plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

90.     The CPD Defendants and Davis, Speakman and Farrelly, knowingly and intentionally, under color of law, and in bad faith with malicious intent, conspired to recklessly fail to perform duties imposed by law with respect to their offices, conspired to recklessly commit acts expressly forbidden by law with respect to their offices, conspired to interfere with the Plaintiff's constitutional and statutory rights, conspired to interfere with the Plaintiff's care, custody and control of his children, and conspired to unlawful remove the children without probable cause.

91.     As a direct and proximate cause of CPD, Davis, Speakman, and Farrelly's conduct described herein, the PLaintiff suffered, and continues to suffer, severe mental and emotional distress, severe anxiety, humiliation, and embarrassment.

## V.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully request that the Court:

1.     Issue a declaratory judgment that the Defendants' conduct as described herein was a violation of the Plaintiff's rights under the United States Constitution, the federal laws of the United states, the Constitution of the State of Ohio, and the laws of the State of Ohio;

2.      Issue an injunction (a) prohibiting CPD, and CPD Defendants' from engaging in retaliation against individuals for asserting their constitutional and statutory rights; (b) ordering CPD to establish effective preventative mechanisms to ensure that Pickaway County resident' constitutional and statutory rights are not violated in the future, including, but not limited to the following:

i.      To establish a procedure to enable each Pickaway County resident the right to fair and unbiased grievance procedures through an external independent ombudsman organization;

3.      Award compensatory damages in the amount of $1.5 million dollars, plus interest;

4.      Award punitive damages in an amount to be determined at trial;

5.      Award cost and expenses incurred in connection with this pursuant to 42 U.S.C. sec. 1988;

6.      Award such further and additional relief to which the plaintiff may be entitled and that the Court deems just and proper or necessary to make the Plaintiff whole.

## VI.  DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule

38.1 of the Local Rules of the United States District Court for the Southern District

of Ohio, Plaintiff's demand trial by jury for all issues plead herein so triable.

DATED: Apr 20, 2023

LORENZO ALLEN THOMAS

Pro Se Plaintiff

359 Town Street

Circleville, Ohio 43113

(740) 253-5806

## CERTIFICATE OF SERVICE

I, LORENZO ALLEN THOMAS hereby certify and declare that the

foregoing Original Civil Complaint and Demand for Jury Trial is a true and correct

copy and has been served by placing same Hand Delivery on this ___1st___ day of

___May___, 2023 to the following:

United States District Court
for the Southern District of Ohio-Columbus Division
Office of the Clerk
85 Marconi Blvd. Rm. 121
Columbus, Ohio 43215



LORENZO ALLEN THOMAS
PRO SE PLAINTIFF