UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LORENZO ALLEN THOMAS,**

    **Plaintiff,**

    v.

**CITY OF CIRCLEVILLE,** *et al.***,**

    **Defendants.**

**Case No. 2:23-cv-1474**
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on an "Objection & Request for Reconsideration of Court's Order on Motion for Summary Judgment" (ECF No. 53) filed by Plaintiff Lorenzo Allen Thomas. Defendant Ryan Speakman opposed the Motion. (ECF No. 54.) Mr. Thomas did not reply, and the time to do so has passed. For the reasons stated in this Opinion and Order, the Motion for Reconsideration (ECF No. 53) is **DENIED**.

## BACKGROUND

Mr. Thomas, who is proceeding without the assistance of counsel, initiated this lawsuit in May 2023 after an encounter with police officers from the City of Circleville during which an officer called a Children Protective Services representative. (ECF No. 4.) During that encounter, Mr. Thomas was neither arrested nor detained, and the officers did not file charges or make a report with Children Protective Services. (ECF No. 51, PageID 615–19.)[1] Even so, Mr. Thomas alleged that the officers engaged in a policy or practice of deliberate indifference to his constitutional rights, retaliated against him, filed a false statement or affidavit for probable cause, and a false

---

[1] For a more complete recitation of the facts, see the Court's Opinion and Order on the Motions for Summary Judgment filed by Defendants. (ECF No. 51.)

report of child abuse, in violation of the First, Fourth, and Fourteenth Amendments, as well as several state laws. (ECF No. 4.)

After performing an initial screen of the Complaint, the Magistrate Judge recommended dismissal of the claims against the City of Circleville, and its police department, and all Mr. Thomas's other claims except for (1) his First Amendment retaliation claim against the individual officers—Defendants Speakman, Farrelly, and Davis, and (2) his state-law claim under Ohio Revised Code § 2307.60 against the same Defendants. (ECF No. 5.) The Court adopted and affirmed the Magistrate Judge's recommendations (ECF No. 6), and Defendants moved for summary judgment on the two surviving claims. (ECF Nos. 40, 42.)

The Court granted summary judgment to Defendants on both claims. (ECF No. 51, PageID 620–27.) Mr. Thomas asserted that Defendants, police officers with the City of Circleville, retaliated against him for posting comments critical of the police department on social media. (*Id.* PageID 622.) Assuming that Mr. Thomas's conduct was protected by the First Amendment, the Court found that his retaliation claim still failed because he could not show that he was subject to an adverse action. (*Id.* PageID 623–25.)

The Court also granted summary judgment to Defendants on Mr. Thomas's state-law claim for civil damages caused by criminal actions because Defendants were entitled to immunity as employees of a political subdivision. (*Id.* PageID 626–27.) Since Mr. Thomas could not show that the officers' actions were wanton, reckless, or malicious, he could not overcome the presumption of immunity. (*Id.*) As a result, the Court entered judgment for Defendants and closed the case. (ECF No. 52.) Mr. Thomas now asks the Court to reconsider its decision on summary judgment. (ECF No. 53.)

**STANDARD OF REVIEW**

Rules 59(e) and 60 of the Federal Rules of Civil Procedure are the two vehicles for a litigant to alter a judgment entered by the district court. Under Rule 59(e), a litigant may file a "motion to alter or amend a judgment . . . [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) allows a litigant to seek relief "from a final judgment, order, or proceeding" based on six enumerated reasons. *See* Fed. R. Civ. P. 60(b). When the litigant files a motion to reconsider within 28 days of final judgment, as Mr. Thomas does here, the Court construes it as a motion to alter or amend judgment under Rule 59(e).

A motion to amend or alter judgment is permissible only if the movant can show that there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). These motions are looked at with disfavor and granted sparingly, typically only when the prior decision appears clearly to be legally or factually erroneous. *Bethel v. Warden Chillicothe Corr. Inst.*, No. 2:20-cv-5275, 2023 U.S. Dist. LEXIS 32669, at *4 (S.D. Ohio Feb. 27, 2023) (citation omitted).

The Court's reluctance to grant such motions is to prevent the filing of endless motions for reconsideration. *Id.* To ensure a measure of finality, this Court has held that a motion for reconsideration is not the proper avenue to relitigate issues already decided. *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (Marbley, J.). When a motion for reconsideration relies purely on a party's disagreement with a court's decision, the dispute should instead be "dealt with in the normal appellate process." *Id.*

**ANALYSIS**

Mr. Thomas does not point to newly discovered evidence or an intervening change in the controlling law. (*See* ECF No. 53.) Although he does not cite to Rule 59(e), he argues that the

3

Court's Opinion and Order was "erroneous" and that it "overlook[ed] and misinterpret[ed] key evidence demonstrating genuine disputes of material fact." (*Id.* PageID 641.) The Court therefore construes the Motion as seeking an amendment of the judgment based on a clear error of law or to prevent a manifest injustice.

District courts have found that a "clear error of law occurs where the original ruling overlooked or disregarded some argument or controlling authority or where the moving party successfully points out a manifest error." *Johnson v. Bobby*, No. 2:08-cv-55, 2022 U.S. Dist. LEXIS 93571, at *3 (S.D. Ohio May 24, 2022) (Morrison, J.). Although not well defined, it "clearly indicate[s] that a high standard applies." *Id.* (quotation omitted). Similarly, manifest injustice requires "a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Id.* at *4 (quotation omitted). It is intended to correct "obvious" errors but not to "allow a disappointed litigant to attempt to persuade the Court to change its mind." *Id.* (citation omitted).

Mr. Thomas contends that the Court erred in concluding that he failed to raise a genuine issue of material fact as to whether he suffered an adverse action for engaging in constitutionally protected speech. (ECF No. 53, PageID 637–39.) He argues that making a false report to Children Protective Services is an adverse action that satisfied the second element of his First Amendment retaliation claim. (*Id.* PageID 638.)

Although a false report could constitute an adverse action had one been filed, Mr. Thomas has offered no evidence that the officers submitted a report to Children Protective Services—much less a false report. (*Id.* PageID 637–39.) To the contrary, the officers attested in their affidavits and declarations that they did not file a report with Children Protective Services. (*See* ECF Nos. 40-1, 42-1.) The evidence and arguments Mr. Thomas references in his Motion were previously evaluated by the Court in consideration of the parties' summary judgment motions. (*See* ECF No.

4

51, PageID 621–25.) Without any new evidence to suggest otherwise, Mr. Thomas fails to meet the high standard of showing that the Court committed a clear error of law.

Regarding his state-law claim for civil damages caused by criminal acts, Mr. Thomas argues (as he did when opposing the motions for summary judgment) that the officers' actions were malicious and wanton (ECF No. 53, PageID 638–41.) Again, he offers no evidence to support the allegation that the officers maliciously filed a false report of child abuse with Children Protective Services. (*See id.*) In granting Defendants' motions for summary judgment, the Court expressly considered whether the officers' conduct was wanton, reckless, or malicious. (ECF No. 51, PageID 625–27.) It explained that the video evidence from the officers' body-worn cameras contradicted Mr. Thomas's version of events and showed that the officers acted appropriately under the circumstances. (*Id.*) So he could not overcome the presumption of immunity. (*Id.*)

At bottom, Mr. Thomas disagrees with the Court's ruling. A motion to reconsider, however, is not a vehicle to reargue a case or to relitigate matters already resolved. Because Mr. Thomas has not demonstrated that the Court's prior decision was legally or factually erroneous, or that it resulted in manifest injustice, the Motion is **DENIED**.

## CONCLUSION

For the reasons above, Plaintiff Lorenzo Allen Thomas's "Objection & Request for Reconsideration of Court's Order on Motion for Summary Judgment" (ECF No. 53) is **DENIED**. This case remains closed.

**IT IS SO ORDERED.**

**9/25/2025**                           **s/Edmund A. Sargus, Jr.**
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**